IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RHONDA REID, | : |
| | : |
|     Petitioner, | : |
| VS. | : |
| | :   NO. 3:21-CV-00099-CDL-CHW |
| MICHAEL W. NAIL, | : |
| | : |
|     Respondent.[1] | : |
| _____ | : |

## ORDER

*Pro se* Petitioner Rhonda Reid, an individual formerly incarcerated in the Emanuel Women's Facility in Swainsboro, Georgia, has filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner challenges her April 12, 2012 conviction in the Superior Court of Greene County, Georgia. Pet. 1, ECF No. 1. Petitioner has paid the applicable filing fee.

It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend her petition to include every unalleged possible constitutional error or

---

[1] Petitioner here appears to be on probation. *See* Pet. 5, ECF No. 1 (indicating that Petitioner was released from parole on March 26, 2019 and will serve 13 years on probation). According to the Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 cases, where a habeas applicant is on probation or parole, "[t]he named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." The Commissioner of the Georgia Department of Community Supervision is Michael W. Nail. *See* https://dcs.georgia.gov/about-us/senior-leadership-team (last accessed Oct. 7, 2021). The Clerk is therefore **DIRECTED** to correct the docket to add Mr. Nail as the Respondent in this action. Counsel for Respondent and/or the Attorney General are also **DIRECTED** to inform the Court as to any additional appropriate Respondents in this matter.

deprivation entitling her to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived her right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.   If amended, Petitioner will be presumed to have deliberately waived her right to complain of any constitutional errors or deprivations other than those set forth in her initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.   Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.   Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General electronically through CM/ECF.   A copy of this Order shall also be served by the Clerk by U.S. mail upon Respondent and Petitioner.   Petitioner

is advised that her failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 14th day of October, 2021.

                                                                                     s/ Charles H. Weigle\
                                                                                     Charles H. Weigle\
                                                                                     United States Magistrate Judge